## hIN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Mary Waychunas | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | Judge: |
| | ) | |
| | ) | Magistrate: |
| v. | ) | July Demand Requested |
| | ) | |
| J.C. Christensen & Associates, Inc | ) | |
| 200 14th Ave. E | ) | |
| Sartell, MN 56377 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

### INTRODUCTION

1. Plaintiff, Robert Wilson, brings this action to secure redress from unlawful collection practices engaged in by Defendant, J.C. Christensen & Associates, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

5. Plaintiff, Mary Waychunas (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
6. Plaintiff is a resident of the State of Illinois.
7. Defendant, J.C. Christensen & Associates, Inc.. ("Defendant"), is a Minnesota business entity with an address of 200 14th Ave., Suite E, Sartell, MN 56377 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
8. Unless otherwise stated herein, the term "Defendant" shall refer to J.C. Christensen & Associates, Inc..
9. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **ALLEGATIONS**

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $645.47 (the "Debt") to an original creditor (the "Creditor")
11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. On or about April 21, 2015, Plaintiff received a collection letter. See Exhibit A.
14. Said letter offered several options for settlement combined with a cryptic threat. See Exhibit A.
15. Specifically, said collection letter by Defendant, the letter stated "Please review the following settlement opportunities to make voluntary resolution of your account a reality." See Exhibit A.
16. In other words, this letter is a threat (not puffery) for involuntary action

if voluntary resolution does not occur. See Exhibit A.

17. In fact, there was no resolution and in the eight approximately eight months since this letter was received, there has been no "involuntary" action at all.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it used false, deceptive, or misleading representation or means in connection with the collection of debt.

20. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff